

# Fourth Court of Appeals
## San Antonio, Texas

October 19, 2022

No. 04-22-00684-CR

Angel Jonathan **KOENIGSTEIN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CR6833
Honorable Michael E. Mery, Judge Presiding

# O R D E R

Appellant Angel Jonathan Koenigstein entered into a plea bargain with the State pursuant to which he pleaded nolo contendere to murder. The trial court imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Appellant filed a notice of appeal, and the district clerk filed a copy of the clerk's record, which includes the trial court's Rule 25.2(a)(2) certification and a written plea bargain agreement. *See id.* R. 25.2(d). We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. Here, because the clerk's record establishes the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant, *see id.* R. 25.2(a)(2), the record supports the trial court's certification that appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

Additionally, the trial court imposed sentence in the underlying cause on July 8, 2022. Because appellant did not file a motion for new trial, the notice of appeal was due by August 8, 2022. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due by August 22, 2022. *See id.* R. 26.3. Appellant filed a notice of appeal on October 6, 2022. On the same day, he filed a motion for leave to file late notice of appeal in the trial court.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be

considered timely so as to invoke a court of appeals' jurisdiction if: (1) it is filed within fifteen days of the last day allowed for filing; (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal; and (3) the court of appeals grants the motion for extension of time. *See id.*

Having reviewed the record, it appears that both the notice of appeal and the motion for extension of time were untimely filed. We therefore **ORDER** appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction **by November 18, 2022**. *See id.*; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure). We further **ORDER** that this appeal will be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended certification showing that appellant has the right to appeal is made part of the appellate record **by November 18, 2022**. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication).

We **ORDER** all appellate deadlines are suspended until further order of the court. We **ORDER** the clerk of this court to serve copies of this order on appellant, the attorneys of record, and the court reporter.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 19th day of October, 2022.

_____
Michael A. Cruz,
Clerk of Court